UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

**WILLIAM DEREK RUSSELL,**
Deceased, by next of kin, Z.R., a minor,
By next friends, CINDY FAWVER and
FRANK RUSSELL,

            **Plaintiffs,**

v.

**PHOENIX REDEVELOPMENT BRISTOL, LLC,**

           **Defendant.**

Case No.:	2:22-CV-86

JURY DEMAND

## ANSWER OF DEFENDANT

COMES NOW the Defendant, Phoenix Redevelopment Bristol, LLC (hereinafter "Phoenix" or "Defendant"), by and through counsel, and hereby responds to allegations asserted against it by the Plaintiffs in their Complaint as follows.

1. Paragraph 1 of Plaintiffs' Complaint contains an introductory paragraph to which no response is necessary.

### PARTIES

2. The Defendant is without sufficient knowledge or information to either admit or deny the citizenship and residency of the Plaintiffs.

3. The allegations in Paragraph 3 of the Complaint are admitted.

### JURISDICTION AND VENUE

4. Upon information and belief, the allegations in Paragraph 4 of the Complaint are admitted.

5. Upon information and belief, the allegations in Paragraph 5 of the Complaint are admitted.

6. It is admitted that Defendant owns property located at 364 Exide Drive, Bristol, Tennessee. The remaining allegations in Paragraph 6 of the Complaint call for a legal conclusion, and they are therefore denied.

7. The allegations in Paragraph 7 of the Complaint are denied. It is admitted that ShoffnerKalthoff MES, Inc. (hereinafter "Shoffner") was hired to perform certain construction work at 364 Exide Drive, Bristol, Tennessee. It is further admitted that the decedent died.

## BACKGROUND

8. Upon information and belief, the allegations in Paragraph 8 of the Complaint are admitted.

9. It is admitted that Defendant purchased the former Exide Technologies facility located at 364 Exide Drive in Bristol, Tennessee in March of 2021 with the intention of renovating and leasing the facility.

10. The allegations in Paragraph 10 of the Complaint are denied.

11. The allegations in Paragraph 11 of the Complaint are denied.

12. It is admitted that on the date of the alleged incident, decedent was on site at the facility as an employee of Shoffner. Defendant is without sufficient knowledge or information to admit or deny the allegations regarding the work decedent was performing.

13. The allegations in Paragraph 13 of the Complaint are denied. The subcontract entered into by Shoffner includes the scope of work, and how that work was to be done was the duty of the subcontractor.

14. The allegations in Paragraph 14 of the Complaint are denied.

15. The allegations in Paragraph 15 of the Complaint are denied.

16. The allegations in Paragraph 16 of the Complaint are denied.

17. The allegations in Paragraph 17 of the Complaint are denied.

18. Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 of the Complaint are denied.

20. It is denied that Phoenix breached any duty owed to the decedent.

21. Denied as stated. It is admitted that the decedent was traversing across the warehouse roof.

22. Defendant lacks sufficient knowledge to admit or deny this allegation, and demands proof thereof.

## **CAUSES OF ACTION**
## **COUNT 1: WRONGFUL DEATH**

23. Defendant incorporates by reference its responses to the preceding paragraphs as if set forth more fully herein.

24. The allegations in Paragraph 24 of the Complaint state a legal conclusion. It is denied that Defendant breached a duty to the decedent.

25. The allegations in Paragraph 25 of the Complaint are denied. The subcontract entered into by Shoffner speaks for itself.

26. The allegations in Paragraph 26 of the Complaint are denied.

27. The allegations in Paragraph 27 of the Complaint are denied.

28. The allegations in Paragraph 28 of the Complaint are denied.

29. Paragraph 29 of the Complaint may contain an error; however, it is denied that Defendant caused or contributed to the death of the decedent. Defendant is unaware of the relationship of the minor and the decedent and would demand proof thereof.

30. It is denied that Plaintiffs are entitled to recover any of the damages outlined in Paragraph 30 of the Complaint.

31. Any allegations not admitted, denied, or otherwise explained above are hereby denied.

## **AFFIRMATIVE DEFENSES**

32. It is affirmatively averred that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

33. It is affirmatively averred that Plaintiffs' Complaint is barred by any and all applicable statutes of limitation.

34. It is affirmatively averred that Plaintiffs do not have standing to bring this claim against Defendant.

35. It is affirmatively averred that Defendant did not breach any duty owed to Plaintiff.

36. It is affirmatively averred that the direct and proximate cause of the accident was the negligence of the decedent William Derek Russell for failing to keep a proper lookout, for failing to protect himself, for failure to use due care under the circumstances, and for failure to see what was then and there before him. Alternatively, the fault of the deceased William Derek Russell must be compared with the fault of the Defendant, if any, in accordance with the principles of the Tennessee Comparative Fault Law.

WHEREFORE, the Defendant prays to this Honorable Court to dismiss Plaintiffs' Complaint. The Defendant requests a jury of the maximum number to try this cause.

Respectfully submitted this 14th day of October, 2022.

/s/ Andrew N. Firkins
CLINT J. WOODFIN – (BPR # 016346)
ANDREW N. FIRKINS – (BPR # 033982)
*Attorneys for Defendant*
*Phoenix Redevelopment Bristol, Inc.*
Spicer Rudstrom, PLLC
800 South Gay Street, Suite 1400
Knoxville, TN 37929
(865) 673-8516 – Office

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Andrew N. Firkins
Andrew N. Firkins

I:\89807\Pleadings\